IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARLOS ANDRES GONZALES # 64745-004                                   PETITIONER

VS.                                CIVIL ACTION NO. 5:13-cv-193(DCB)(MTP)

ERIC HOLDER, ET AL.                                                  RESPONDENTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the petitioner's Objection (docket entry 15) to the Report and Recommendation **(docket entry 14)** of Magistrate Judge Michael T. Parker.

On July 31, 2007, the petitioner was sentenced in the United States District Court for the Middle District of Florida for conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. He was sentenced to a 120-month term of imprisonment and five years of supervision. He is currently incarcerated at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi.

The Bureau of Prisons ("BOP") uses a system of Public Safety Factors as an aid to determine the level of security necessary for a particular inmate in order to insure the public's protection. The BOP assigned the petitioner a Public Safety Factor ("PSF") of "Deportable Alien." This PSF is assigned to inmates who are not citizens of the United States. The designation of "Deportable Alien" requires that an inmate be housed in an institution with a security level of no less than Low. In his Section 2241 Petition,

the petitioner argues that he is a non-deportable alien and, therefore, should not be subject to increased security measures. According to the petitioner, he will not be deported because he is Cuban. He cites to the BOP's Program Statement 8120.02, Ch. 5, p. 6, which states: "It has been determined that Cubans (Mariels and non-Mariels) cannot be removed from the United States, and therefore should be considered for assignment with [Federal Prison Industries]." The petitioner argues that, as a non-deportable alien, he should be transferred to a facility where he would have the opportunity to (1) be placed in a minimum security prison; (2) participate in a residential drug abuse program; (3) participate in a residential reentry center; (4) be transferred to a facility closer to his family; (5) be reunited with his family at the earliest possible time; and (6) participate in Federal Prison Industries. The petitioner also argues that his continued incarceration at ACCC contravenes the letter and spirit of Program Statement 8120.02, Ch. 5, p. 6, and that this constitutes a violation of his constitutional rights, specifically the rights afforded him by the Due Process and Equal Protection Clauses.

In his Report and Recommendation, Magistrate Judge Parker addresses whether the petitioner has properly brought this action as a habeas corpus petition, which is designed to challenge the <u>fact or duration</u> of an inmate's confinement. Challenges to the <u>conditions</u> of confinement, on the other hand, are properly pursued

as a civil rights challenge under Section 1983 or in a Bivens action.  Because the distinction becomes blurry when an inmate challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody, the Fifth Circuit has adopted a bright-line rule for resolving such questions.  If a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, then the proper vehicle is a civil rights suit.

Magistrate Judge Parker finds that the petitioner is not seeking immediate or early release from custody; instead, he is seeking a transfer to another facility where he may be eligible for entry into programs that could reduce his sentence.  He does not allege that a favorable determination would automatically entitle him to a speedier release from custody.  Thus, the proper vehicle for the petitioner is to bring a civil rights suit under Section 1983 or in a Bivens action.  Because he does not meet the Fifth Circuit's bright-line test, the petitioner cannot pursue these claims in a Section 2241 petition.

Furthermore, the petitioner has not asserted a violation of a constitutionally protected right entitling him to relief under Bivens.  In order to succeed on a Bivens claim, a plaintiff must show that a constitutional right has been violated and that the conduct complained of was committed by a person acting under color of Federal law.  The petitioner claims that the refusal to transfer

3

him constitutes a violation of his rights afforded by the Due Process and Equal Protection Clauses. However, the BOP's decision to classify the petitioner as a "Deportable Alien," despite the fact that he will not be deported, does not give rise to a constitutional claim. As Magistrate Judge Parker finds, neither Due Process nor Equal Protection are implicated here.

The petitioner cannot pursue his claims in a Section 2241 petition; nor can he maintain a civil rights action based on the facts alleged. The Court finds the petitioner's objections to be without merit and adopts the magistrate judge's findings of fact and conclusions of law. The Court shall therefore deny the relief sought in the Petition for Writ of Habeas Corpus and dismiss this case with prejudice.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 14)** of Magistrate Judge Michael T. Parker is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED with prejudice.

A final judgment in accordance with this Order will be issued this date.

SO ORDERED, this the 25th day of November, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE